```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
HAKIMAH SHAHID-IKHLAS,                                              :
                                                                    :
                                      Plaintiff,                    :        1:22-cv-10643-GHW-SDA
                                                                    :
                   -against -                                       :                ORDER
                                                                    :
THE NEW YORK AND                                                    :
PRESBYTERIAN HOSPITAL, INC.,                                        :
                                                                    :
                                      Defendant.                    :
                                                                    :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On May 5, 2023, Magistrate Judge Aaron issued a Report and Recommendation recommending that the Court grant Defendant's motion to dismiss. Dkt. No. 18 ("R&R"). In that R&R, Judge Aaron determined that Plaintiff's Complaint fails to state a claim under Title VII because accommodating Plaintiff—who sought an exemption from the New York State Department of Health's vaccine mandate for healthcare workers—would have caused Defendant undue hardship as a matter of law. *Id.* at 10–12. Because Plaintiff's Title VII claim is the only claim over which this Court has original jurisdiction, the R&R further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's claims under the New York State Human Rights Law and New York City Human Rights Law. *Id.* at 14.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of the report and recommendation to which

no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (citation omitted); *see also* Fed. R. Civ. P. 72(b), advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court therefore accepts and adopts the R&R in its entirety. For the reasons stated in the R&R, Defendant's motion to dismiss is granted as to Plaintiff's Title VII claim, and the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff has not requested leave to amend, and the Court accepts Judge Aaron's recommendation not to grant leave to amend *sua sponte*. R&R at 15 n.10; *see also Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) ("[W]e will not 'deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought.'" (quoting *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 664 n.3 (2d Cir. 1997)); *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) ("Given that [plaintiff] did not move for leave to replead in opposition to [the] motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, sua sponte, leave to replead." (citations omitted)).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 14, to enter judgment for Defendant, and to close this case.

SO ORDERED.

Dated:  May 24, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge